JOSEPH J. CORN, PLAINTIFF-APPELLANT, v. HARRY KAP-
LAN AND OCEAN GARAGE, INCORPORATED, A NEW
JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

Submitted January 16, 1925—Decided October 15, 1925—Filed
November 20, 1925.

Contracts—Appeals—Jury First Offered a Verdict For Plaintiff
to Clerk Who Had Been Directed to Receive It—Verdict
Was For Plaintiff, But Did Not State Money Damages—
Clerk Directed Jury to Return For Further Consideration,
and It Then Returned a Verdict For Defendants—Trial Court
Refused Motion to Set Aside Verdict Without Prejudice in
Case of Appeal—No Exception to This Rule Appears in the
Record—Question Raised Cannot Now Be Considered on
Appeal.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff-appellant, *Corn & Silverman.*

For the defendants-respondents, *Milton M. Unger.*

PER CURIAM.

This is an appeal from a judgment of the Essex County
Circuit Court. The judgment was entered upon a verdict
of a jury. The question sought to be reviewed is the action
of the clerk in refusing to accept a verdict rendered by the
jury which resulted in the jury retiring for further con-
sideration of the case after receiving from the clerk the
pleadings in the case. The record contains a stipulation to
the effect that the record to be submitted to this court shall
contain only said stipulation, notice of appeal, complaint,
answer, reply, judgment and transcript of the stenographer's
notes on the return of a rule to show cause allowed by the
trial judge to the defendant.

The action was instituted by Joseph J. Corn against Ike Lustbader, Harry Margolis, Harry Kaplan and the Ocean Garage, Incorporated, a New Jersey corporation. The three personal defendants and the plaintiff had caused to be incorporated the Ocean Garage, Incorporated. Its capital stock was $33,000 divided into three hundred and thirty shares of the par value of $100 each. One hundred and sixty-five shares were divided equally between the three personal defendants and the plaintiff. One hundred and sixty-five shares went to Bernard Schwetzer and Regina Blake. These shares were later transferred to the three personal defendants. The plaintiff claiming that he was entitled to forty-one and one-fourth shares of the one hundred and sixty-five shares thus divided, demanded possession of said forty-one and one-fourth shares of stock. This demand was refused. The present action for money damages was then instituted. The answer denied any refusal to give to the plaintiff the shares of stock claimed by him. The trial judge directed the clerk to receive the verdict. The jury returned. The clerk asked him if they had agreed upon a verdict. The foreman informed him that they had. Upon being asked by the clerk how they found, the foreman replied, "We find for the plaintiff and we vote forty-one and one-fourth of the three hundred and thirty shares of the stock, duly assigned, and assign no money damages." The clerk then said. "If you find for the plaintiff you must give him an amount." There were some questions asked and the clerk said, "I am not here to give you any instructions. You will have to retire." He then handed the foreman the pleadings in the case. The jury retired. Later they returned and rendered a verdict in favor of the defendant.

The court had already directed that a verdict in favor of the defendants, Lustbader and Margolis, be entered. Counsel for the plaintiff made a motion for a new trial on the ground that the first verdict rendered should have been received by the clerk. The trial judge permitted the clerk to be sworn. He testified as above stated. The trial judge then said: "Regarding this as a motion to set aside the verdict because of

irregularity, the motion will be denied, but without prejudice, to raise the same point upon appeal, if it is decided to appeal upon the evidence that has been introduced, and the return of the court can be made precisely in accordance with the testimony given by Mr. Gmeiner." Mr. Gmeiner was the clerk.

No exception to this ruling appears in the record. If it was a motion substantially in arrest of judgment there would have to be an exception taken to the ruling of the trial court on the motion, before this court could consider the question. This court cannot decide a question on appeal to which no exception to the ruling of the court below has been taken. It would appear from the stipulation entered into that this motion was now sought to be turned into a rule to set aside the judgment so as to bring it within the case recently decided of *Folkner* v. *Hopkins, 2 N. J. Adv. R.* 1857. If the proceedings in the Circuit Court amounted to a rule to show cause why a new trial should not be granted, the action of the judge was equivalent to discharging the rule. From this discretionary action of the court no appeal will lie. The case of Folkner *v.* Hopkins was upon a rule to show cause in a case instituted in this court. The present action, as stated, was in the Circuit Court. We cannot consider the question raised if it be an appeal, because of the lack of an exception. From the action of the trial judge in discharging the rule no appeal will lie for the reason stated. This leads us to an affirmance of the judgment of the Circuit Court.

The judgment is accordingly affirmed.